■ HELEN COLLINS, as Administratrix of the Estate of JOHN F. COLLINS, Deceased, Appellant, v RITE AID OF NEW YORK, INC., Respondent. — Appeal from order, Supreme Court, New York County (Jeffrey M. Atlas, J.), entered on September 3, 1982 is discontinued, with prejudice, without costs to either party as against the other. No opinion. Concur — Kupferman, J. P., Sullivan, Ross, Silverman and Alexander, JJ.

■ DEXTER RICHARDS, Appellant, v NEW YORK MERCANTILE EXCHANGE et al., Respondents. — Order, Supreme Court, New York County (Fritz W. Alexander, II, J.), entered on March 30, 1982, unanimously affirmed for the reasons stated by Alexander, J. Those respondents submitting briefs shall recover of appellant one bill of $75 costs and disbursements of this appeal. Concur — Asch, J. P., Bloom, Fein, Lynch and Kassal, JJ.

■ APPAREL CENTER BUILDING CORP., Respondent-Appellant, v PETER H. BRANDT et al., Respondents, and PENN-KEYSTONE REALTY CORP., Appellant-Respondent. — Order entered August 10, 1982 in Supreme Court, New York County (Marks, J.), granting summary judgment to plaintiff against defendant Penn-Keystone Realty Corp., and, in effect, granting summary judgment to defendants Peter and Hubert Brandt for one third of the judgment as represented by a New York City warrant for $104,208.05, unanimously modified, on the law, summary judgment is granted to the Brandt defendants on the issue of liability only, the matter is remanded for an assessment of the Brandt defendants' proper share, and the order appealed from is otherwise affirmed, with costs assessed against defendant Penn-Keystone Realty Corp. Defendant Penn-Keystone Realty Corp. (Penn) owned a commercial building in midtown but defaulted on the first mortgage. In 1975 the bank was in the process of foreclosing, and Penn agreed to remit to the bank any tax refund recovered in a tax certiorari proceeding against the City of New York. On December 30, 1975 plaintiff acquired title to the building subject to the first mortgage, and five years later sold the building to another party, Fashion Avenue Atrium Corp. Fashion's lender paid off the outstanding balance due on the first mortgage thereby reducing the amount of the purchase price payable to plaintiff. The bank then released its lien and assigned to plaintiff its right to receive the proceeds of the tax certiorari refund obtained. Defendants Brandt are the attorneys who represented Penn before the city and, being successful in the tax proceedings, now hold the refund warrant for and payable to Penn. The Brandts claim one third of the $104,208.05 refund is theirs under a contingency fee arrangement with Penn. Penn has no good defense to the action, and Special Term appropriately granted plaintiff summary judgment on the warrant Special Term was also correct in finding — indeed, plaintiff concedes — that the Brandts are due their fee from the proceeds recovered in the tax certiorari litigation. It was error, however, to accept the one-third figure without any proof, including the fee retainer agreement itself. Accordingly, we modify the order appealed from to grant summary judgment to the Brandt defendants on liability only, remanding the matter for a *de novo* determination of the precise amount due these defendants for their representation of Penn in the tax certiorari proceedings. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.